12-3906
Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> DENNY CHIN,
>> *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
>> *District Judge.*

---

PETROSURANCE, INC.,

> *Plaintiff-Appellant*,

> v.                                                     No. 12-3906

NATIONAL ASSOCIATION OF INSURANCE
COMMISSIONERS, THE NATIONAL
CONFERENCE OF INSURANCE GUARANTY
FUNDS, INC.,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:                          Paul A. Batista, Paul Batista, PC, New York,
                                                  NY

---

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee National
Association of Insurance Commissioners: Melissa F. Brill, Cozen O'Connor, New York, NY

For Defendant-Appellee The National
Conference of Insurance Guaranty Funds, Inc.: Barry I. Levy, Max Saulter Gershenoff, Cheryl F. Korman, Rivkin Radler, LLP, Uniondale, NY

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Petrosurance, Inc. appeals from an August 31, 2012 judgment entered pursuant to a Memorandum and Order of the United States District Court for the Southern District of New York (Buchwald, *J.*), dismissing this civil action brought against Defendants-Appellees National Association of Insurance Commissioners ("NAIC") and The National Conference of Insurance Guaranty Funds, Inc. ("NCIGF") pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* On appeal, Petrosurance argues that the district court erred in dismissing the complaint, contending that it alleged plausible civil RICO claims against the defendants. We presume the parties' familiarity with the facts and procedural history of this case.

Having reviewed the record *de novo*, we agree with the district court that Petrosurance has failed to allege any facts whatsoever that would support a plausible RICO claim. The complaint alleges that the Ohio Superintendent of Insurance ("the Superintendent") wrongfully withheld approximately $14 million from Petrosurance that remained in the liquidated estate of its wholly-owned subsidiary, the Oil & Gas Insurance Company ("OGICO"), which funds Petrosurance ultimately recovered from the Superintendent in a settlement reached after several

2

rounds of litigation. Petrosurance brings this civil RICO claim against two non-profit organizations: NAIC, a regulatory policy organization whose members are state government officials who regulate insurance; and NCIGF, a trade association whose members are property and casualty guaranty funds. The complaint asserts blithely in an entirely conclusory fashion that NAIC and NCIGF "control" state insurance regulatory officials, including the Superintendent.

The complaint's allegations are patently meritless. Without needlessly retracing the district court's reasoning in the Memorandum and Order, we observe that the complaint fails to allege (1) any predicate acts of fraud by NAIC and NCIGF that could support a charge of racketeering, or (2) any facts that plausibly suggest that they caused Petrosurance's injury by "controlling" the Superintendent or the Ohio trial court that authorized the Superintendent's plan to disburse the remainder of the estate as interest on previously allowed claims, a ruling that was later reversed. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (elements of civil RICO claim). We agree with the district court that Petrosurance has gone "to extraordinary lengths to construct [a] fantastical scheme, a scheme that is ripe for dismissal simply 'because it defies logic.'" *Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs*, No. 11 Civ. 6931, 2012 WL 3597055, at *6 (S.D.N.Y. Aug. 20, 2012) (quoting *Nelson v. Publishers Circulation Fulfillment, Inc.*, No. 11 Civ. 1182, 2012 WL 760335, at *4 (S.D.N.Y. Mar. 7, 2012)).

We have considered all of Petrosurance's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3